KIRK D. MILLER, P.S.
421 W. Riverside Avenue, Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LUCAS CASE, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | JURY DEMANDED |
| SUTTELL & HAMMER, P.S., a Washington corporation; and PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company, | |
| Defendant. | |

## I.  INTRODUCTION

Plaintiff, LUCAS CASE, brings this Complaint, by and through his undersigned counsel, against Defendants Suttell & Hammer, P.S. ("Suttell") and Portfolio Recovery Associates, LLC, ("Portfolio") for violations of the Fair Debt Collections Practices Act 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

////

////

COMPLAINT - 1

## II. JURISDICTION AND VENUE

2.1    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331.  Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

2.2    Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

## III.    NATURE OF THE ACTION

3.1    Plaintiff brings this action for damages for Defendants' actions of using unfair and unconscionable means to collect a debt.

3.2    Defendants' actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3    Plaintiff seeks damages, declaratory and injunctive relief.

## IV. **PARTIES**

3.4    Plaintiff is a natural person and resident of the state of Washington and is a "Consumer" as defined by 15 U.S.C § 1692(a)(3).

3.5    Defendants are both collection agencies that are licensed to conduct business in Washington State. Portfolio's principal business purpose is

COMPLAINT - 2

the collection of debts. Suttell regularly attempts to collect debts alleged to be due to another.

3.6 Defendant Suttell is a "debt collector," as defined under the FDCPA under 15 U.S.C § 1692a(6).

3.7 Defendant Portfolio is a "debt collector," (hereinafter collectively with Defendant Suttell referred to as "Defendants") as defined under the FDCPA under 15 U.S.C § 1692a(6).

### IV.  PLAINTIFF'S ALLEGATIONS OF FACT

4.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

4.2 On or about June 5, 2018, Defendants served Mr. Case with a filed summons and complaint in the Spokane County District Court.

4.3 Defendants' filed complaint omits any reference to the original account creditor, other than the last four digits of a sixteen-digit account number.

4.4 Plaintiff did not recognize the last four digits of the account that Defendants attempted to collect.

4.5 Plaintiff did not know what account, if any, had been sold or assigned to Portfolio for collection.

COMPLAINT - 3

4.6  Plaintiff was confused by the Complaint's failure to identify the creditor that was claiming entitlement to his money.

4.7  Failing to identify the original creditor caused the Plaintiff stress and frustration.

## V. CAUSE OF ACTION
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C §1692e *et seq.*

5.1  Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

5.2  Defendants' failure to disclose the name of the original creditor is material because it may impact how a consumer chooses to respond to a lawsuit.

5.3  Defendants' failure to disclose the identity of the original creditor constitutes a concrete informational injury that is particularized to the state-court defendant who receives the lawsuit.

5.4  Defendants' debt collection efforts violated section 15 U.S.C. § 1692e of the FDCPA, which prohibits any false, deceptive, or misleading representation by a debt collector.

COMPLAINT - 4

5.5  By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated §1692e of the FDCPA, and damages, costs and attorney's fees.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

6.1  Awarding Plaintiff statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2);

6.2  Awarding Plaintiff actual damages sustained under the FDCPA;

6.3  Plaintiff's costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

6.4  Declaratory judgment that Defendants' practices violate the FDCPA;

6.5  Pre and post-judgment interest at twelve percent per annum;

6.6  Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED this 28th day of March, 2019.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT - 5